**Huey C. ELDRIDGE, Appellant,**

v.

**James F. HOWARD, Appellee.**

Court of Appeals of Kentucky.

May 3, 1968.

Huey C. Eldridge, pro se.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Huey C. Eldridge, a prisoner at Kentucky State Reformatory, LaGrange, filed his petition for writ of habeas corpus in the Oldham Circuit Court. The relief sought was denied, and this appeal resulted.

The gist of appellant's contention is that by combination of time served in the reformatory and time on parole the appellant has completed the sentences which have been imposed upon him when "good time" is computed. In this regard he points out that judicial notice should be taken that a Kentucky prisoner serving sentence in the reformatory serves nine months of each year of the sentence and is credited with three months of "good time," in the absence of disciplinary action, unless the sentence is a life sentence.

Assuming without deciding that such is the case, we feel that the appellant has not demonstrated that he has completed his term of imprisonment.

Eldridge was committed to the reformatory on November 29, 1946, to serve twenty-one years as No. 37448.

On December 24, 1952, appellant was released on parole as No. 37448, and on January 5, 1954, was absolved from reporting to his parole officer although he was still on inactive parole.

On July 1, 1963, as No. 58390, (a new sentence) appellant was confined in the reformatory upon a sentence of three years' imprisonment.

On November 5, 1964, as No. 58390, appellant was paroled and reinstated on parole upon the first sentence, as No. 37448.

On April 5, 1966, as No. 61531, the appellant was again confined to the reformatory to serve two concurrent two-year sentences and held on parole violation as to the first sentence as No. 37448.

KRS 439.344 provides:

"The period of time spent on parole shall not count as a part of the prisoner's maximum sentence except in determining parolee's eligibility for a final discharge from parole as set out in KRS 439.354."

KRS 439.354 provides:

"When any paroled prisoner has performed the obligations of his parole during his period of active parole supervision the board may, at the termination of such period to be determined by the board, issue a final discharge from parole to the prisoner. Unless ordered earlier by the board, a final discharge shall be issued when the prisoner has been out of prison on parole a sufficient period of time to have been eligible for discharge from prison by maximum expiration of sentence had he not been paroled, provided before this date he had not absconded from parole supervision or that a warrant for parole violation had not been issued by the board."

The appellant would have accrued "good time" while on parole but for his violations of parole evidenced by his subsequent convictions recounted above. The computation of the "good time" as related by Deputy Commissioner Harold E. Black indicates that the minimum expiration date for the original twenty-one-year sentence will be August 6, 1974. We are not to be understood as making an adjudication respecting the actual minimum expiration date of the sentence. However, it is patent that the appellant has not demonstrated that he has earned sufficient "good time" to demand release, and the trial court properly rejected the petition for habeas corpus.

The judgment is affirmed.

All concur.