**Albert Clayton HOBBS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 31, 1985.

Thomas L. Conn, Fayette County Legal Aid, Inc., Lexington, for appellant.

David L. Armstrong, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, McDONALD and WHITE, JJ.

WHITE, Judge.

This is an appeal from the judgment and sentence of the Fayette Circuit Court finding appellant guilty as a first-degree felony offender and fixing his sentence at fifteen years.

Appellant contends the circuit court erred in permitting proof of his former felony conviction in that the minimum sentence expiration date had occurred more than five years prior to the commission of the latest crime which was enhanced thereby.

The appellant was convicted for voluntary manslaughter in 1971 and received a sentence of four years with a maximum expiration date of May 14, 1975. Upon appellant's imprisonment on July 21, 1971, it was determined by the Corrections Cabinet that according to a schedule of "good time" awarded each prisoner, appellant's four years would result in a minimum expiration date of June 1, 1974, if completely served. However, on June 7, 1973, the appellant was paroled for the first time. While on parole he violated the provisions of his parole by failing to report to his parole officer and in leaving his place of residence without his parole officer's permission. A warrant for his arrest was issued, and subsequently, on October 1, 1974, appellant was returned to prison. On December 21, 1974, appellant was paroled for the second time and received his final discharge from parole on October 18, 1976.

On March 11, 1980, the basic offense, possession of a forged instrument, was committed by the appellant. Subsequent to this conviction he was tried as a first-degree persistent felon; the former manslaughter charge was used as one of his prior felony convictions.

The appellant contends he was entitled to have the minimum expiration date of the manslaughter conviction, June 1, 1974, used as the termination date of service on that sentence. He bases that contention on the argument that his parole time was to be counted as service and, thus, he had completed his term on the manslaughter conviction more than five years prior to his latest conviction of possession of a forged instrument and, therefore, such could not be used to enhance the last conviction.

KRS 439.344 and KRS 439.354 together with *Eldridge v. Howard,* Ky., 427 S.W.2d 579 (1968), militate against such interpretation. *See Stokes v. Howard,* Ky., 450 S.W.2d 520 (1970). In addition thereto, it is noted in KRS 439.340(2) that "[a] parole shall be ordered only for the best interest of society and not as an award of clemency, *and it shall not be considered a reduction of sentence or pardon.*" (Emphasis added.)

Appellant also relies on KRS 197.045(1) as grounds for "good time" reduction as a matter of right. However, a reading of that section clearly shows the contrary. Although it does provide that the prisoner *may* receive credit on his sentence, it also states:

> The Cabinet shall have authority to forfeit any good time previously earned by the prisoner, or to deny the prisoner the right to earn good time in any amount, if during the *term* [not time] of imprisonment a prisoner commits any offense or violates the rules of the institution. (Emphasis added.)

For the reasons stated, the judgment and sentence of the Fayette Circuit Court is affirmed.

All concur.